**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KNR, INC.,** | ) | **CASE NO.1:14CV818** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **COPART, INC.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant Copart, Inc.'s Motion for Summary

Judgment (ECF # 37).  For the following reasons, the Court grants Defendant's Motion.

<u>**Factual Background**</u>

Plaintiff KNR, Inc. ("KNR) is an Ohio corporation with its principal place of business

in Wellington, Ohio.  Copart, Inc. ("Copart") is a Delaware Corporation with offices located

in Texas.  Copart is an "online automotive auction company that facilitates the sale of used

vehicles between buyers and sellers." (Copart MSJ pg. 3).

KNR purchased a 2008 Chevrolet Trailblazer for $4900 on January 24, 2014, from

Defendant Metro One, Inc. ("Metro One") through an auction website operated by Copart.

KNR traces title on the Trailblazer to Nicholas Bouton, who purchased the Trailblazer from

an unknown seller on January 23, 2012.  Workers' Credit Union held a lien on the Trailblazer and repossessed the vehicle on or around September 26, 2013, after Bouton defaulted on his loan.  Workers' Credit Union released its lien on the Trailblazer on or around December 2, 2013, and sold the vehicle through auction to Defendant Metropolitan Auto, Inc. ("Metropolitan Auto").  Metropolitan Auto sold the Trailblazer to Metro One on or around December 28, 2013.  Metro One subsequently sold the Trailblazer to KNR through Copart's auction website.

KNR alleges that the Trailblazer's odometer read 46,492 miles at the time KNR received the vehicle from Metro One after the January 24, 2014 sale.  A copy of Bouton's certificate of title to the Trailblazer, issued on February 10, 2012, lists an actual mileage odometer reading of 115,945 miles.   KNR therefore alleges that, beginning at the time Workers' Credit Union repossessed the vehicle from Bouton, the multiple Defendants conspired to violate both federal and Ohio laws and to defraud KNR by altering the Trailblazer's odometer reading and misrepresenting the vehicle's actual mileage to KNR.

On April 16, 2014, KNR filed a Complaint against Workers' Credit Union, Metropolitan Auto, Metro One and Copart collectively in the U.S. District Court for the Northern District of Ohio.  KNR alleged that the Defendants: **(I)** violated 49 U.S.C. § 32703 by conspiring to alter and by altering the Trailblazer's odometer reading with the intent to defraud KNR, causing injury to KNR; **(II)** violated 49 U.S.C. § 32705 by failing to disclose to KNR that there was a discrepancy between the Trailblazer's odometer reading and actual miles traveled, causing injury to KNR; **(III)** violated O.R.C. § 4549.43 by altering the Trailblazer's odometer reading with the intent to defraud KNR, causing injury to KNR; **(IV)**

2

violated O.R.C. § 4549.45 by failing to disclose knowledge of tampering with the Trailblazer's odometer reading to KNR, causing injury to KNR; (**V**) committed fraud by knowingly making false representations to KNR about the Trailblazer's mileage to induce KNR to purchase the vehicle; and (**VI**) committed civil conspiracy by conspiring together to defraud KNR by altering and misrepresenting the Trailblazer's actual mileage with the intent to deceive and defraud KNR.

Plaintiff never perfected service on Metropolitan Auto, Inc. On July 2, 2014, the Clerk of Court entered default against Defendants Copart, Workers and Metro. That same day, Plaintiff moved for Default Judgment against the Defendants. Copart opposed the Motion and motioned the Court for Leave to File an Answer *Instanter* which the Court granted. On August 12, 2014, the Court granted Default Judgment in favor of KNR and against Defendants Metro One, Inc. and Workers Credit Union. The Court held in abeyance a damages determination until after the Case Management Conference. Thereafter, Workers Credit Union moved under Fed R. Civ. P 60 for Relief from Judgment due to lack of personal jurisdiction. The Court granted Workers' Motion and dismissed it from the case leaving only Copart as the sole remaining Defendant.

**Copart's Motion for Summary Judgment**

According to its Motion, Copart contends it cannot be liable under the federal and Ohio odometer statutes because these statutes only impose civil liability upon transferors. Copart never owned the vehicle nor held title to the vehicle in question, therefore, under the law it was not a "transferor" of the vehicle. Both 49 U.S.C. § 32705 and Ohio Revised Code ("O.R.C.") § 4549.45 apply to transfers. Since Copart never held title to the subject vehicle

3

and held no ownership interest in the vehicle it is not subject to the above odometer statutes and cannot be held liable for violations of the same.

Copart further contends it cannot be liable for fraud because it made no false representations concerning the odometer readings.  First, Copart disclaimed all warranties in its Terms and Conditions to which Plaintiff agreed.  Second, the advertisement of the vehicle on Copart's website expressly stated that the odometer reading was "Not Actual" mileage. Thus, Copart made no fraudulent representation.

Lastly, because Copart did not engage in any unlawful conduct it cannot have conspired with others to do so.

**Plaintiff's Response**

Plaintiff offers no argument or evidence opposing Copart's contention it was not a transferor under 49 U.S.C. § 32705 and O.R.C. § 4549.45.  Instead, Plaintiff points the Court to the plain language of 49 U.S.C. § 32703 and O.R.C. § 4549.43, which impose liability on anyone who advertises for sale, sells, uses or installs on a motor vehicle or odometer any device that cause the odometer to register mileage other than the accurate mileage or disconnect, reset or alter an odometer.  Plaintiff contends these statutes do not apply solely to transferors.

Plaintiff also argues that Copart may still be liable for civil conspiracy even if it were not a transferor because the odometer reading went down while in Defendants' possession, therefore, raising genuine issues of fact concerning Copart's role in the rollback scheme.

Lastly, Plaintiff alleges Copart's disclaimers concerning the mileage on the odometer readings are immaterial because "it would be wholly improper to allow a company to commit

4

fraud on its customers/members and then hide behind a blanket disclaimer that Defendant forces its customers/members to sign." (Plaintiff's Opposition brief pg. 6).

## LAW AND ANALYSIS

### Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Diary*, 39 F.3d at 1347.  The Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404-06 (6th Cir. 1992).  The burden falls on the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

5

prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003), quoting *Anderson*, 477 U.S. at 251-52.

**<u>Counts II and IV 49 U.S.C. § 32705 and O.R.C. § 4549.45</u>**

Plaintiff's Complaint alleges Copart transferred the vehicle in question without the requisite odometer disclosures.  Plaintiff further alleges Copart knew the odometer reading did not accurately reflect the actual mileage of the car yet it never disclosed the information in writing to Plaintiff.  Plaintiff contends Copart knew or recklessly disregarded the fact that the odometer had been altered or tampered with to indicate lower mileage than the actual mileage and transferred the vehicle to Plaintiff without notice to Plaintiff.

O.R.C. §  4549.45 reads in pertinent part:

> (A) No person shall transfer a motor vehicle if the person knows or recklessly disregards facts indicating that the odometer of the motor vehicle has been changed, tampered with, or disconnected, or has been in any other manner nonfunctional, to reflect a lesser mileage or use, unless that person gives clear and unequivocal notice of the tampering or nonfunction or of the person's reasonable belief of tampering or nonfunction, to the transferee in writing prior to the transfer. In a prosecution for violation of this section, evidence that a transferor or the transferor's agent has changed, tampered with, disconnected, or failed to connect the odometer of the motor vehicle constitutes prima-facie evidence of knowledge of the odometer's altered condition.

49 U.S.C. § 32705 reads in pertinent part:

> **(a)(1) Disclosure requirements.**--Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
>
> **(A)** Disclosure of the cumulative mileage registered on the odometer.
>
> **(B)** Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

6

**(2)** A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

Copart argues that under the applicable law, only a transferor is liable under these statutes for altered odometer readings.  Since Copart never held title or owned the vehicle it is not a transferor under the law.  To support these contentions, Copart submits the affidavit of Aaron Bath wherein Bath attests Copart never owns the vehicles on its website but merely facilitates the sale between a buyer and seller.  Bath attests Copart never held title or owned the vehicle in question.  Copart further offers as evidence the Certificate of Title and Assignment of Title to the vehicle, neither of which reflect Copart was the owner or title holder.  The Assignment of Title also demonstrates that a box on the assignment noting an odometer discrepancy is clearly checked.

In a case with similar facts, a district court in Minnesota held that an automobile auctioneer, which did not have title to the vehicle, could not be liable under the statutory predecessor to 49 U.S.C. § 32705.  *Indus. Indem. v. Arena Auto Auction*, 638 F. Supp. 1030, 1033 (D. Minn. 1986).  See also, *Riverside Lincoln Mercury Sales, Inc. v. Auto Dealers Exch. Co.,* No. 85 C 4649, 1987 WL 7280, at *7 (N.D. Ill. Feb. 25, 1987) ("automobile auction companies are not liable under the Act when they are truly intermediaries, only peripherally involved in the sales transaction.").

Ohio's version of the Odometer Act, O.R.C. § 4549.45, "prohibits the transfer of a motor vehicle if the transferor knows or reasonably should know that the odometer has been tampered with or disconnected to reflect a lesser mileage or use." *Flint v. Ohio Bell Tel. Co.,* 2 Ohio App. 3d 136, 137, 440 N.E.2d 1244, 1246 ( Ohio Ct of App. 1982).  The Ohio statute

7

defines "transferor" as "the person involved in a transfer, who transfers ownership of a motor vehicle." O.R.C. § 4549.41.

The undisputed facts before the Court demonstrate Copart never owned nor held title to the vehicle. Plaintiff appears to abandon its claims under § 32705 and § 4549.45 since it offers no legal argument in opposition to Copart's arguments and offers no evidence contradicting Copart's evidence on vehicle ownership. In fact, Plaintiff fails to respond at all to Copart's summary judgment arguments on transferor liability. Because Copart never held title or ownership interest in the subject vehicle it is not a transferor since it lacked to ability to transfer ownership. Instead, it merely facilitated the sale from buyer to seller.

Therefore, the Court finds that Copart is not liable under § 32705 and § 4549.45 because it was not a transferor under the statutes.

**Count V Fraud**

Plaintiff further asserts Copart fraudulently represented that the reading of the subject vehicle's odometer was the actual number of miles traveled. Plaintiff alleges it relied on this misrepresentation when it purchased the vehicle and would not have purchased the vehicle had the accurate odometer reading been disclosed.

Copart moves for summary judgment on the fraud claim contending it made no false representation concerning the odometer reading. The Bath affidavit attests that every prospective buyer on the Copart auction site must first register as a member. Membership requires all prospective buyers consent to Copart's Terms and Conditions. These Terms and Conditions include the following:

**A. Vehicle Condition and History Disclaimer.**

8

ALL VEHICLES ARE SOLD "AS-IS WHERE-IS". All vehicles sold through Copart auctions are sold "AS-IS WHERE-IS", WITHOUT ANY WARRANTY, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE OR MERCHANTABILITY. Copart and its vehicle suppliers expressly disclaim the accuracy or completeness of any and all information provided to Buyers regarding vehicles, whether provided in written, verbal, or digital image form ("Vehicle Information"). Vehicle Information provided by Copart and its vehicle suppliers is for convenience only.

Buyers shall not rely on Vehicle Information in deciding whether or how much to bid on a vehicle offered for sale at a Copart auction. Vehicle Information includes but is not limited to: . . . mileage, odometer disclosures . . . Copart and its vehicle suppliers expressly disclaim any and all representations, warranties, and guarantees regarding vehicles sold at Copart auctions. . . . **It is the sole responsibility of Buyer to ascertain, confirm, research, inspect, and/or investigate vehicles and any and all information regarding the type, condition, status, and history of vehicles prior to bidding on them.**

(Bath affidavit at 6.)

Plaintiff became a member and agreed to the above Terms and Conditions in September of 2013.  (Bath affidavit at 8).  The above Terms and Conditions expressly disclaim the accuracy of vehicle information, including odometer readings.  Furthermore, in the advertisement of the vehicle, the odometer reading is followed by the words "Not Actual." Thus, Copart never made a false representation that the stated odometer reading was the actual mileage.  Plaintiff offers no evidence disputing the representations made in the ad or the disclaimers.

Under Ohio law, a plaintiff alleging fraud must demonstrate: "(1) a false representation concerning a fact, (2) knowledge of the falsity of the representation or utter disregard for its truthfulness, (3) intent to induce reliance upon the representation, (4) justifiable reliance upon the representation, and (5) injury proximately caused by the

reliance." D & H Autobath v. PJCS Properties I, Inc., No. CA 2012-05-018,  2012 Ohio 5845,

¶ 16, 983 N.E.2d 891, 897 (Ohio Ct. of App. 12th Dist. Dec. 10, 2012), citing Crown

Property Dev., Inc. v. Omega Oil Co., 113 Ohio App.3d 647, 656, 681 N.E.2d 1343 (Oh. Ct.

of App.12th Dist.1996); Gaines v. Preterm–Cleveland, Inc., 33 Ohio St.3d 54, 55, 514 N.E.2d

709 (1987).

      Plaintiff has failed to demonstrate that Copart made any material misrepresentation

that Plaintiff justifiably relied on to Plaintiff's detriment.  Plaintiff's Complaint fails to

identify the time and place of a misrepresentation.  Instead, it only alleges "Defendants,

fraudulently and with intent to deceive, represented that the reading on the subject vehicle's

odometer represented the actual number of miles the subject vehicle has traveled."

(Complaint at 45).  It fails to identify which Defendant made the representation, how it was

made and to whom.  The only evidence before the Court is the advertisement for the vehicle

which clearly represents that the odometer mileage is not the actual mileage.  Furthermore,

Copart expressly disclaimed the accuracy of the odometer reading.  Therefore, Plaintiff has

failed to show a false representation of fact and has failed to sufficiently plead a fraud claim

with the requisite particularity and the Court grants summary judgment for Copart on

Plaintiff's fraud claim.

### Counts I and III Violation of 49 U.S.C. § 32703 and O.R.C.  § 4549.43

      According to Plaintiff's Complaint, Copart, with the intent to defraud, used, installed

or had installed a device that altered the reading of the odometer and/or reset, altered or had

reset or altered the odometer.  Plaintiff brings this claim under both federal and Ohio law.

49 U.S.C.§ 32703 reads:

A person may not--

(1) advertise for sale, sell, use, install, or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer;

(2) disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;

(3) with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or

(4) conspire to violate this section or section 32704 or 32705 of this title.

Civil liability is authorized under § 32710 which reads:

§ 32710. Civil actions by private persons

(a) Violation and amount of damages.--A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater.

Similarly O.R.C. § 4549.43 reads:

(A) No person, with intent to defraud, shall advertise for sale, sell, use, or install on any part of any motor vehicle or an odometer in any motor vehicle any device that causes the odometer to register any mileage other than the actual mileage driven by the motor vehicle. For the purpose of this section, the actual mileage driven is that mileage driven by the motor vehicle as registered by an odometer within the manufacturer's designed tolerance.

Both the federal and state statutes require a showing that a defendant intended to defraud a plaintiff.  Here, Plaintiff offers no evidence contradicting Plaintiff's disclaimer. Nor does Plaintiff offer any evidence demonstrating Copart's intent to defraud in the advertisement wherein Copart clearly represented that the odometer reading was not the

11

actual mileage of the vehicle.  "In order to show an intent to defraud under the Act, Plaintiff must show an intentional violation or that {defendant} exhibited a reckless disregard for the truth as to the {vehicle's} mileage."  *Nabors v. Auto Sports Unlimited, Inc.*, 475 F. Supp. 2d 646, 652 53 (E.D. Mich. 2007) citing *Jones v. Hanley Dawson Cadillac Co.,* 848 F.2d 803, 808 (7th Cir.1988).  Another court has held, "without evidence that the defendant intended to defraud a plaintiff with respect to a vehicle's mileage or odometer reading, summary judgment is appropriate for the defendant as to claims made under the [Federal Odometer] Act."  *Hunter v. Riverside Ford Sales, Inc.,* No. 04CV-71222, 2005 WL 1529541, *3 (E.D.Mich. June 23, 2005).

In the absence of any evidence by Plaintiff that Copart intended to defraud Plaintiff concerning the mileage of the vehicle, the Court grants Copart's Motion for Summary Judgment on both the federal and Ohio anti-tampering odometer statutes.  Summary judgment is further warranted where Plaintiff's Complaint fails to allege any facts supporting its claims that Copart did, in fact, advertise, sell, use or install a device to alter the odometer reading.

**Count VI Civil Conspiracy**

Lastly, Plaintiff's claim of civil conspiracy is subject to summary judgment because Plaintiff has failed to demonstrate that Copart engaged in any underlying unlawful act concerning the odometer reading of the subject vehicle.  A civil conspiracy is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.... An underlying unlawful act is required before a civil conspiracy claim can succeed."  *Ziegler v. Findlay Indus., Inc.,* 380 F. Supp. 2d 909, 913 (N.D. Ohio 2005) *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 700

12

N.E.2d 859, 868 (1998).

Having determined that Copart made no misrepresentation concerning the odometer reading, the Court finds summary judgment is warranted on Plaintiff's civil conspiracy claim. Plaintiff has offered no evidence of a conspiracy, and offers only a mere allegation that the Defendants conspired to defraud it concerning the odometer reading without any supporting facts. Plaintiff offers no evidence of a malicious combination of Defendants with the purpose of injuring Plaintiff. In the absence of any evidence of an intent to defraud Plaintiff, Copart is entitled to summary judgment on the civil conspiracy claim.

Therefore, for the foregoing reasons, the Court grants Copart's Motion for Summary Judgment on all Plaintiff's claims.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  March 28, 2016